**No. 21-7085**                    **September Term, 2021**

**1:18-cv-01598-RC**

**Filed On:** June 1, 2022

Tonia Ingram,

        Appellant

    v.

District of Columbia Child and Family
Services Agency,

        Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court
for the District of Columbia and on the briefs filed by the parties.  See Fed. R. App. P.
34(a)(2); D.C. Cir. Rule 34(j).  Upon consideration of the foregoing, the motion for
appointment of counsel, and the motion for leave to file supplemental appendix, it is

**ORDERED** that the motion for appointment of counsel be denied.  In civil cases,
appellants are not entitled to appointment of counsel when they have not demonstrated
sufficient likelihood of success on the merits.  It is

**FURTHER ORDERED** that the motion for leave to file supplemental appendix be
granted.  The Clerk is directed to file the lodged supplemental appendix.  It is

**FURTHER ORDERED AND ADJUDGED** that the district court's July 30, 2021
order be affirmed.  With respect to appellant's retaliation claim, the district court
correctly concluded that appellant relied only on temporal proximity between her alleged
protected activities and the termination of her employment, and that this was insufficient
to rebut appellee's proffered legitimate, nonretaliatory reason for firing her.  See, e.g.,
Woodruff v. Peters, 482 F.3d 521, 530 (D.C. Cir. 2007).  With respect to appellant's
claims of disability discrimination, the district court correctly concluded that appellant,
who was represented by counsel at the time, cited no evidence from which a
reasonable jury could find that appellee's proffered reason for firing her was pretext.
See Adeyemi v. District of Columbia, 525 F.3d 1222, 1226 (D.C. Cir. 2008).  To the

extent that appellant now argues that certain additional evidence in the record would allow a jury to infer that appellee's proffered reason for firing her was pretext, her counsel did not raise this argument in district court.  Consequently, the argument is forfeited.  See Salazar ex rel. Salazar v. District of Columbia, 602 F.3d 431, 436–37 (D.C. Cir. 2010); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962) (observing that a "party is deemed bound by the acts of his lawyer-agent").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**